UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                                     :

FRANK PATE, *et al.*,                :

                     :        CASE NO. 1:09-CV-2454

             Plaintiffs,     :

                     :

vs.                       :        OPINION & ORDER

                     :        [Resolving Doc. No. 16]

GUARANTEE TRUST LIFE    :
INSURANCE COMPANY,     :

                     :

             Defendant.      :

                     :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       In this breach of contract case, Defendant Guarantee Trust Life Insurance Company moves this Court to dismiss Count III of the Class Action Complaint. [Doc. 16.]

       With their Complaint, Plaintiffs Frank Pate, Kimberly Pate, Diane Page, and Robert Page claim that the Defendant failed to refund unearned portions of premiums on the Plaintiffs' credit insurance contracts. Accordingly, the Plaintiffs bring claims for breach of contract, unjust enrichment, and violation of the duty of good faith and fair dealing. [Doc. 1 at  ¶ 45-59.]

       In moving to dismiss Count III of the Complaint, the Defendant asserts that Ohio does not recognize an independent claim for bad faith in the type of insurance action at issue in the case. [Doc. 16.]

       For the following reasons, this Court **DENIES** the Defendant's motion to dismiss.

Case No. 1:09-CV-2454
Gwin, J.

## I. Background

The Plaintiffs bring this putative class action against Defendant Guarantee Trust based on its alleged practice of failing to fully refund insurance premiums. [Doc. 1 at ¶ 33.]

The Plaintiffs allege that they purchased credit insurance policies from the Defendant when they took out car loans. [*Id*. at ¶ 11, 17, 21.] According to the Plaintiffs, these insurance policies require the Defendant to refund a portion of the premium if the Plaintiffs satisfied the underlying car loans prior to maturity. [*Id*. at ¶ 13, 19, 22, 29.] The Plaintiffs claim that although they paid off their loans early, [*Id*. at ¶ 29], the Defendant failed to refund the unearned portion of the premium. [*Id*. at ¶ 30-31.]

On October 20, 2009, the Plaintiffs filed a Class Action Complaint in this Court. [Doc. 1.] The Plaintiffs allege that by failing to refund the unearned insurance premiums, the Defendant breached its contract, was unjustly enriched, and violated the duty of good faith and fair dealing. [*Id*. at ¶ 45-59.] On November 23, 2009, the Defendant filed a motion to dismiss the claim for breach of the duty of good faith. [Doc. 16.] The Plaintiffs opposed the motion on December 11, 2009, [Doc. 20], and the Defendant replied on December 28, 2009. [Doc. 25.]

## II. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's legal conclusions as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the

-2-

Case No. 1:09-CV-2454
Gwin, J.

hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery

for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1949 (citations

removed).  Rule 8 does not require "detailed factual allegations, but it requires more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations and internal quotations

omitted).

      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*,

*550 U.S. 544, 570 (2007)*).  The plausibility requirement is not a "probability requirement" but

requires "more than a sheer possibility that the defendant has acted unlawfully." *Id.*  The Supreme

Court has explained the line between possible and plausible: "Where a complaint pleads facts that

are merely consistent with a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." *Id.* (citations and internal quotations omitted).

### III. Analysis

      The Defendant argues that Count III of the Complaint fails as a matter of law because Ohio

only recognizes an independent cause of action for violation of the duty of good faith in context of

processing insurance claims. The Defendant asserts that its alleged failure to reimburse unearned

insurance premiums cannot  support an independent claim for bad faith.

      In most contract cases, a plaintiff cannot bring a separate cause of action for bad faith.

*Lakota Loc. Sch. Dist. Bd. of Ed. v. Brickner*, 671 N.E.2d 578, 584 (Ohio Ct. App. 1996).  Ohio law,

however, permits a separate bad faith claim in the insurance context.  "In Ohio, an insurer has a duty

to act in good faith toward its insured in carrying out its responsibilities under the policy of

insurance." *Unklesbay v. Fenwick*, 855 N.E.2d 516, 520 (Ohio Ct. App. 2006).  Tort liability exists

-3-

Case No. 1:09-CV-2454
Gwin, J.

in the insurance context because of: 1) the relationship between the insurer and the insured; 2) the lack of the insured's voice in preparing the insurance policy; 3) the disparity between the economic positions of the parties; and, 4) the insured's vulnerability to the insurer's oppressive tactics in seeking a settlement or a release.  *Hoskins v. Aetna Life Ins. Co.*, 452 N.E.2d 1315, 1319 (Ohio 1983).

Accordingly, bad faith liability arises from a legal duty created by the parties' relationship and not from a breach of policy terms.  *Gillette v. Estate of Gillette*, 837 N.E.2d 1283, 1286 (Ohio Ct. App. 2005); *see also Hoskins*, 452 N.E.2d at 1319.  "This implied-in-law duty overlies an insurer's contractual responsibilities to ensure that it will do nothing to deprive an insured of the benefits owed under the policy."  *Gillette*, 837 N.E.2d at 1286.

Although Ohio courts have generally found independent tort liability only in cases of improper processing and handling of claims, *see, e.g.*, *Hoskins*, 452 N.E.2d at 1319 (noting insurer's duty to act in good faith "in handling the claims of its own insured"); *Gillette*, 837 N.E.2d at 1289 (insurer would breach duty of good faith if it delayed payment of claim without reasonable justification), no Ohio court has expressly limited the cause of action to those facts.[1]  In fact, the court in *Unklesbay* stated the rule generally: "In Ohio an insurer has a duty to act in good faith toward its insured in carrying out its responsibilities under the policy of insurance."  855 N.E.2d 520 (citing *Hoskins*, 452 N.E.2d at 1315).

---

[1] In *Farmers Ins. of Columbus, Inc. v. Lister*, 2006 WL 92946, at *12 (Ohio Ct. App. Jan. 9, 2006), appeal denied, 847 N.E.2d 1226 (Ohio 2006), the state court of appeals affirmed a trial court's decision to exclude evidence that the insurance company cancelled the insured's policy after he made the claim.  In so doing, the court noted, "A dispute arising out of the cancellation of an insured's policy is not conduct that relates to the bad faith handling and payment of claims under the insurance policy." 2006 WL 92946 at *12.  In that case, however, the court merely held that evidence of cancellation was irrelevant to whether the insurer improperly handled the claim.  The court did not address whether the insured could have brought a separate bad faith claim for the cancellation itself.

-4-

Case No. 1:09-CV-2454
Gwin, J.

Moreover, limiting the claim as the Defendant suggests would run contrary to most of the

reasons for the claim's existence.[2] *See Hoskins*, 452 N.E.2d at 1319 (finding imposition of duty of

good faith on insurer justified because of insurer and insured's relationship, disparate bargaining

power, and unequal economic positions, as well as insured's vulnerability in claims process).

In this case, the Plaintiffs allege that the Defendant failed to refund the unearned premiums

as required by the insurance contracts.[3] [Doc. 1 at ¶56.]  Because this allegation concerns one of the

Defendant's responsibilities under the insurance contract, the Court finds that the Plaintiffs have

stated a claim for breach of the duty of good faith and fair dealing.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: March 15, 2010                                    s/     *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[2]In a case similar to the one at bar, the Hon. Patricia Gaughan also denied a defendant insurance company's motion to a dismiss a bad faith claim when the plaintiffs alleged improper payment of refunds. *Eldridge v. Cardif Life Ins. Co.*, 1:08-cv-2713, Doc. 35 (N.D. Ohio, July 1, 2009) (holding that rationale for permitting bad faith claim for improper payment of insurance claim also applies to improper payment of refunds).

[3]That the insurance contracts may have had a provision requiring the Plaintiffs to notify the Defendants of their right to the refunds is of no matter here. The Plaintiffs did not attach their contracts to the Complaint nor do they quote any notice language.  Although the Defendant attached a certificate of insurance to its reply brief, the Plaintiffs have had no opportunity to contest this document's validity and the Court declines to find it controls at this stage of the litigation. Instead, the Defendant's notice argument is better suited for summary judgment motion.